[Norwood v. Memphis & Charleston R. R. Co.]

# Norwood *v.* Memphis & Charleston Railroad Company.

72 563
139 577

*Bill in Equity by Creditor, against Corporation and Officers, to enforce Equitable Lien.*

1. *Misjoinder of defendants; who may take advantage of; error without injury.*—When persons who have no interest in the subject-matter of the suit, and against whom no relief is prayed, are improperly joined as defendants to a bill, the misjoinder is a defense personal to them, and the other defendants can not take advantage of it; but, if the other defendants demur on account of such misjoinder, a decree sustaining the demurrer, but without dismissing the bill, is error without injury to the complainant.

2. *Parties to bill; corporation and its officers.*—When a bill in equity is filed by a creditor against a corporation, its directors and officers, against whom no relief is prayed, and against whom no fraud, conspiracy, or breach of trust is charged, can not be joined as defendants for the sole purpose of discovery.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 25th August, 1882, by William H. Norwood, as the administrator of the estate of William G. Caperton, deceased, suing as a creditor of the Southern Railway Security Association, a foreign corporation, in behalf of himself and all other creditors of said corporation, who might come in and make themselves parties; against the Memphis and Charleston Railroad Company, a domestic corporation, R. T. Wilson, its president, Samuel R. Cruse, its secretary and treasurer, and John D. Rather and W. W. Garth, two of its directors. The bill sought to enforce against said defendant corporation an alleged equitable lien for the satisfaction of a judgment, which the complainant had obtained against said Southern Railway Security Association, and on which an execution had been returned "No property found." The material facts, as alleged in the bill, were these: Some time during the year 1873, the said railroad company leased its road, rolling-stock, and all its property of every kind, for the term of ninety-nine years, to said Southern Railway Security Association. On the 9th January, 1874, while the road was in the possession and under the control of said foreign corporation under this lease, the plaintiff's intestate, said William G. Caperton, was run over and killed by a train of its cars. An action was then brought by said Caperton's administrator, against said

foreign corporation, to recover·damages for this wrongful act; and the action having been removed by the defendant into the Circuit Court of the United States, the plaintiff there recovered a judgment, in October, 1881, for $10,000. While that action was pending, the plaintiff sued out an ancillary attachment, which was levied on a large quantity of cross-ties and cord-wood as the property of the defendant; and the bill alleged that, after the rescission of the contract of lease, and before the recovery of the plaintiff's judgment, this property was taken and used by the said railroad corporation. On or about May 1st, 1874, said contract of lease was rescinded and cancelled by the mutual agreement of the parties in writing, and the railroad corporation again took possession and control of its road and property; and the bill alleged that one of the stipulations of the agreement to rescind, and one of the considerations on which it was founded, was the promise of the defendant " to pay to complainant, and to all other persons having just debts or claims for damages against said lessee company, the amounts of their respective debts, demands and damages. whenever the same could be ascertained in a lawful way." The bill alleged, also, that the Southern Railway Security Association was insolvent when the agreement to rescind the lease was made, and was known by the defendant to be insolvent; and that the defendant then had full notice and knowledge of the plaintiff's pending suit, " and that his claim for damages, in the event he prevailed in said suit, would be a lien on the capital stock of said railroad then in the hands and possession of said lessee company." It was alleged, also, that the original contract of rescission, or a duplicate thereof, "is in the possession and custody of said defendant, or some of its principal officers; that a discovery and the production of said contract is material to complainant, to make out his right to the relief he prays; that said defendant railroad company is able and can produce and discover said contract of rescission, and that such discovery is essential to your orator's right to recover."

The bill prayed that an account be ordered and stated, as to the amount due on the complainant's judgment, with interest, and as to the quantity and value of the cross-ties and cord-wood so·used and appropriated by the railroad company; " that a decree may be rendered in favor of complainant, against the said Memphis and Charleston Railroad Company, for the sum so found to be due to him; that he may be decreed to have an equitable lien on the capital stock of said defendant railroad company, that went into said defendant's possession when said lease was rescinded, and that said lien may be enforced by due process of law; that said defendants may be compelled to discover and produce to the court said contract entered into be-

[Norwood v. Memphis & Charleston R. R. Co.]

tween said railroad companies, by which said lease was rescinded; and for such other, further, and additional relief as the nature of the complainant's case may require."

A demurrer to the bill was filed by the Memphis and Charleston Railroad Company, specifying the following as grounds of demurrer: 1st, want of equity; 2d, misjoinder of defendants, in that no relief is prayed against any one except respondent; 3d, misjoinder of defendants, in that no relief is prayed against Rather and Garth; 4th, "that by the joinder of said co-defendants with this respondent, and by seeking and praying no relief except as against this respondent, but simply as to said co-defendants requiring their answer under oath, complainant is seeking to obtain their sworn answers, to be used as evidence in said cause, and to be relieved of proceeding to take their evidence by deposition, as provided by the rules of practice in this court; and without the observance of which rules for the taking of evidence, and by the use of said co-defendants' sworn answers in lieu thereof, this defendant is sought to be deprived of its right of cross-examination, and its other prescribed rights in the premises."

The cause being submitted to the chancellor, on the demurrers, and on motion to dismiss the bill, for decision in vacation, he overruled the demurrer as to the first, second, and third grounds assigned, but sustained it as to the fourth, on the authority of *Hogan v. Br. Bank at Decatur*, 10 Ala. 492; and he overruled the motion to dismiss, in order that the complainant might have an opportunity to amend. The sustaining of the demurrer, on that specific ground, is now assigned as error.

R. C. HUNT, and NORWOOD & NORWOOD, for appellant.

HUMES, GORDON & SHEFFEY, *contra*.

SOMERVILLE, J.—The bill is filed by the appellant, as complainant, against the Memphis and Charleston Railroad Company, a body corporate, and also several directors of the company, who are made defendants in their individual capacity.

The bill manifestly makes no case against these directors, alleging no fraud, conspiracy, or breach of trust on their part; nor is there any prayer for relief against them. There is no demurrer on their part, however, for the erroneous misjoinder; and the rule is well settled, that the right of objection is personal to them, no co-defendant being allowed to take advantage of it.—1 Brick. Dig. 753, § 1689.

The point in the case is this. The defendant railroad company interposed a demurrer, based upon this misjoinder of the directors; and the chancellor erroneously sustained it, no order

[Gilman, Sons & Co. v. New Orleans and Selma R. R. Co.]

being made as to the dismissal of the bill. Is this ruling not an error without injury to the appellant? We think it clearly is; for there is no possible aspect of the case made by the bill, in which the complainant could be prejudiced. As we have said, the directors were not proper parties defendant, and no relief was sought against them. It was not permissible to make them defendants for the sole purpose of discovery; for mere witnesses, who are shown to be cognizant of alleged facts, can never be joined for such a purpose.—*Howe v. Best*, 5 Madd. 19; Story's Eq. Plead. § 235, *note* 2. It was competent for the complainant to have proved these facts by the depositions of these witnesses, and no reason is given why this could not be done. Their answers in the case would clearly not have been evidence against the railroad company, their co-defendant. *Julian v. Reynolds*, 8 Ala. 680.

The decree, being without prejudice to the appellant, although erroneous, must be affirmed.