# Smith *v.* Alexander.

*Bill of Interpleader, filed by Sheriff.*

87  387
133  457

1. *Intervention of third person as party by petition; waiver of objection.* Although it is irregular, after an interpleader suit is regularly at issue, to allow a third person to intervene as a claimant of the fund, on his own petition; yet, if no objection to his intervention is made until after the lapse of more than seven years, when he has lost all other remedies by lapse of time, the objection comes too late.

2. *Same; error without injury.*—If the party objecting was not, and could not have been injured, by allowing the petitioner to remain in the cause as a party, he can not complain of the ruling, even if it was erroneous; as when he disclaims all interest in that portion of the fund allotted to the petitioner.

3. *Interest against attorney, on money received from fund in court.* When a fund in court, in an interpleader suit, is paid to the attorney of one of the parties pending the litigation, on his own motion, he is properly charged with interest on it at the final hearing.

APPEAL from the Chancery Court of Randolph.
Heard before the Hon. S. K. McSPADDEN.

[Smith v. Alexander.]

SMITH & LOWE, for appellant.

W. H. FORNEY, W. D. BULGER, and AIKEN & BURTON, *contra.*

McCLELLAN, J.—In the year 1859, Jeremiah Smith obtained a decree in the Chancery Court of Randolph county divorcing him from M. E. Smith. This decree allowed M. E. Smith one hundred dollars *per annum* as alimony. Soon afterwards, M. E. Smith removed to Texas, where she died in 1867, only one installment of alimony—that for the year 1860—having been paid. In 1872, the death of M. E. Smith not being known to her attorney in Alabama, executions were issued, and the amount due on the decree for alimony was collected by the sale of Jeremiah Smith's property. While the money was in the hands of the sheriff, W. J. Borden claimed the fund as M. E. Smith's administrator, and W. H. Smith, insisting that she was still in life, claimed that the fund should be paid to him as her attorney. The sheriff, W. J. Alexander, being unable to determine for himself to which of these claimants he should pay the fund, filed his bill in the Chancery Court of Randolph, offered to bring the money into court, and prayed that Borden, as such administrator, and W. H. Smith be required to interplead in respect to it, and that he be discharged. A decretal order was made, directing the fund to be paid into court, and, on motion of W. H. Smith, it was paid to him pending the litigation.

In 1875, a decree was entered, requiring Borden and W. H. Smith to interplead. During the further progress of the cause, Jeremiah Smith was made a party on his own petition, without objection at the time; and upon the final hearing, it was decreed, that the complainant, Alexander, was entitled to a part of the gross sum, for his counsel fees and expenses in and about the litigation; that Borden, as administrator of M. E. Smith, deceased, was entitled to that part of the money which was collected as alimony for the years prior to her death; that out of this fund W. H. Smith should be allowed to retain a certain sum, as counsel fees for services rendered by him to M. E. Smith in her life-time; that Jeremiah Smith should be paid the remainder of the fund; and it was also decreed that W. H. Smith should pay interest on the money while it was in his hands. From this decree he prosecutes an appeal to this court; and assigns as error (1) that the court below overruled his motion to strike

the petitions, motions, statements, answers, and all other papers presented by Jeremiah Smith, from the files; and (2) that the chancellor decreed interest against him on the fund which he held under an order of the court.

1. The motion directed against the pleadings, &c. of Jeremiah Smith proceeded on the ground, that he had never been properly admitted as a party to the cause. The chancellor overruled this motion, expressly on the ground, that it was not seasonably made, the said Smith having been admitted to the cause on his own petition, and "without objection at the time." Precisely when he was so let in, the record does not with certainty inform us. It is shown, however, that the respondent, W. H. Smith, in a demurrer which he filed to the original bill on July 14, 1875, "craves *oyer* of the petition of Jere. Smith, filed in this court, alleging that Margaret E. Smith is dead, and the proceedings had thereof;" and while neither that petition nor the action of the court upon it is set out in the transcript, the presumption, in support of the decree, will be here indulged, that in that petition Jeremiah Smith prayed to be made a party, and that the "proceedings had thereof" were those which resulted in the order allowing him to interplead in the cause. No objection appears to have been filed until September, 1882,—more than seven years after Jeremiah Smith became a party; and the motion then made appears not to have been brought to the attention of the court, or insisted on in any way, until October, 1887,—more than twelve years after the order of the court granting his petition to be made a party to the cause.

An objection to his admission, or a motion, seasonably made afterwards, to dismiss him, should have prevailed; but, to so dismiss him after he had come in without objection, and been recognized as a proper party until all other remedies he might have had, for the assertion of his unquestioned rights in the premises, had been barred by the lapse of time, would be in the highest degree inequitable. The chancellor was clearly right in refusing to do so.

2. But, had this action of the court been erroneous, it involved no injury to W. H. Smith. His only interest in the litigation consisted in his claim against the estate of M. E. Smith, for counsel fees and expenses. Whether Jeremiah Smith continued in the case or not, W. H. Smith could have asserted no claim whatever to that part of the fund which was adjudged to belong to him. On the con-

[Walden v. Speigner.]

trary, W. H. Smith expressly disclaimed all interest in the money, except as against M. E. Smith's administrator, for certain fees which the decree allowed him. He could not have been prejudiced, therefore, by the fact that either Jeremiah Smith or Alexander was allowed to remain in the cause; and if to allow them to do so was error, it was without injury to him, and will not authorize a reversal of the decree.—*Norwood v. M. & C. R. R. Co.*, 72 Ala. 563, and cases cited.

3. It only remains to consider whether W. H. Smith should have been charged interest. The record shows that the fund was paid to him at his own instance; he has had it for many years, and it is not shown that he has not used it. The presumption. is, that he procured the money to be paid to him for the purpose of using it, and that he did use it. Had the fund not been paid to him, it could have been put at interest by an order of court. Having thus by his action, in inducing the court to have the fund paid to him, prevented other disposition of it pending litigation, for the benefit of the parties who were finally decreed to be entitled to it, and having himself had the advantage and profit resulting from its use, it was right and proper that he should pay interest, and the decree of the chancellor in this regard is free from error.

Affirmed.