## HUGH MURPHY v. CITY OF OMAHA.

[FILED NOVEMBER 11, 1891.]

**Interest:** DELINQUENT PAYMENTS ON CONTRACT. One M. constructed a sewer for the city of O., the contract price being the
sum of $28,045.40. Payments were made from time to time so
that when the work was accepted on October 3, 1888, there remained due the contractor the sum of $7,551.50 and five per cent
of the total contract price, viz., $1,402.27, to be held six months.
The principal without interest was afterward paid. *Held,* That
in the absence of a contract to the contrary the contract price,
less the five per cent, was due upon the acceptance of the work
and that the contractor was entitled to seven per cent interest
upon the amount due until it was paid. Likewise, that he was
entitled to interest on the five per cent fund held in reserve after
the expiration of six months from October 3, 1888, until it was
paid.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*Switzler & McIntosh,* for plaintiff in error:

The plaintiff is entitled to interest, under the statute.
(*Whitwell v. Willard,* 1 Met. [Mass.], 216; Sweet's Law
Dic., title "Account"; Anderson's Law Dic., title "Account," and cases; *Rensselaer v. Reid,* 5 Cowan [N. Y.],
587; *Beck v. Devereaux,* 9 Neb., 109.) A version to the
taking of interest has prevailed generally among nations
in a low stage of civilization. (Ency. Brit., title "Interest"; Walker's Political Economy, 231.) Interest is here
recoverable as an incident of the debt, regardless of the
statute. (*Brown v. Com'rs,* 1 Green [Ia.], 486; *Heiman v.
Schroeder,* 74 Ill., 158.) Independent of statute, plaintiff
would be entitled to recover damages for the failure of defendant to perform its contract, and the measure of damages would be the legal rate of interest on the sum withheld from the date of the breach. (Sedgwick, Damages, p.

Murphy v. City of Omaha.

493; *Bell v. Arndt*, 24 Neb., 261; *F., E. & M. V. R. Co.
v. Marley*, 25 Id., 138; *Fisher v. Bidwell*, 27 Conn., 370;
*Mason v. Callender*, 2 Minn., 302; *Dodge v. Perkins*, 9
Pick. [Mass.], 384; *Foot v. Blanchard*, 6 Allen [Mass.],
222; *Van Rensselaer v. Jewett*, 2 N. Y., 135; *Lush v.
Druse*, 4 Wend. [N. Y.], 313; *Van Rensselaer v. Jones*,
2 Barb. [N. Y.], 643; *Adams v. Bank*, 36 N. Y. Ct.
App., 260; *Purdy v. Phillips*, 11 N. Y., 406; *Dana v.
Fiedler*, 12 Id., 40; *People v. N. Y.*, 5 Cow. [N. Y.], 331;
*Sturges v. Green*, 27 Kan., 235; *Risley v. Andrew Co.*, 46
Mo., 382.) A municipal corporation, in all matters of con-
tract, where it has authority to act, is subject to the same re-
quirements as an individual. (*Cincinnati v. Cameron*, 33 O.
St., 336; 1 Dill., Mun. Corp., sec. 39; *Argenti v. San Fran-
cisco*, 16 Cal., 256; *Touchard v. Touchard*, 5 Cal., 306;
*Thorndike v. U. S.*, 2 Mason [U. S.], 1; Smoot's Case, 15
Wall. [U. S.], 36; *Amoskeag Mfg. Co. v. U. S.*, 17 Id.,
592; *U. S. v. Mueller*, 113 U. S., 156; *Clark v. U. S.*, 6
Wall. [U. S.], 543.)

*A. J. Poppleton, contra:*

There is no express stipulation to pay interest from the
completion of the work, and no charter provision au-
thorizing it. The better rule is against the position con-
tended for by plaintiff in error. (*City of Pekin v. Reynolds*,
31 Ill., 529; *People v. Tazewell Co.*, 22 Id., 147; *Johnson
v. Stark Co.*, 24 Id., 75; *Madison Co. v. Bartlett*, 1 Scam.
[Ill.], 67; *Allison v. County*, 50 Pa. St., 351; *Gafney v.
San Francisco*, 13 Pac. Rep. [Cal.], 468; *County of Clay
v. Chickasaw*, 1 S. Rep. [Miss.], 753.)

MAXWELL, J.

This action was brought by the plaintiff against the de-
fendant to recover the sum of $8,953.77, balance due him
for the construction of a sewer. The petition and answer
are very long and need not be noticed. The following is
a stipulation of facts:

"First—That the defendant is a municipal corporation, organized and existing under the laws of the state of Nebraska as a city of the metropolitan class.

"Second—That on the 3d day of April, 1888, the city council of the defendant passed ordinance No. 1662, entitled 'An ordinance creating sewer district number 67 in the city of Omaha, and ordering the construction of the sewer in said district.' That section 1 of said ordinance created said district, section 2 described the boundaries thereof, and section 3 provided as follows: 'The board of public works is hereby required and directed to take the necessary steps to cause the construction of the sewer in said district.' That section 4 provided as follows: 'This ordinance shall take effect and be in force from and after its passage.' That said ordinance was approved by the mayor on the 4th day of April, 1888.

"Third—That in pursuance of said ordinance and in obedience thereto the said board of public works caused the following notice of sewer proposals to be duly published in the Omaha *Republican,* then the official paper of said city, on the 12th, 13th, 19th, and 20th days of April, 1888, to-wit:

"'SEWER PROPOSALS.

"'Sealed proposals will be received by the undersigned until 1:30 o'clock P. M. April 27, 1888, for the construction of sewers in sewer districts 66, 68, 67, and reconstruction of sewer in sewer district No. 3, as per ordinances numbers 1656, 1657, 1662, and 1655, and in accordance with plans and specifications on file in the office of the board of public works. Proposals to be made on printed blanks, to be furnished by the board of public works, and to be accompanied by a certified check of $500, payable to the city of Omaha, as evidence of good faith. The board reserves the right to reject any and all bids and to waive defects.     St. A. D. Balcombe,

"'*Chairman of Board of Public Works, Omaha, Neb.*

"'April 11, 1888.'

"That upon the opening of the said bids received in pursuance of said advertisement, the plaintiff was duly found and determined to be the lowest responsible bidder for the construction of said sewer in said district number 67, and said contract was duly awarded to him.

"Fourth—That on the 5th day of May, 1888, the plaintiff entered into a contract with the defendant, a true copy of which is hereto attached, marked 'Exhibit A' and made a part hereof, and that on said date there was $130,083.63 in the general fund of said city.

"Fifth—That the plaintiff performed and observed all the things by him in said contract agreed to be done, performed, or observed, and that said work done and material furnished by said plaintiff under said contract were approved by the city engineer, board of public works, mayor, and city council of said defendant, prior to the 3d day of October, 1888.

"Sixth—That all the work embraced in said contract was fully completed agreeably to the specifications and stipulations thereof and was accepted by the city engineer and board of public works on the 3d day of October, 1888, and that on the said 3d day of October, 1888, the said city engineer made a final estimate of the amount and value of said work according to the terms and price of said contract; that in said final estimate so made the said city engineer found the total value of the work done by said plaintiff under said contract to be the sum of $28,045.40; that the said city engineer there and then found that five per cent of said total amount was the sum of $1,402.27; that by deducting said five per cent the said city engineer there and then found the amount then due to said plaintiff to be the sum of $26,643.13; that the period of six months, at the expiration of which the said five per cent reserve was payable to the plaintiff, expired on the 3d day of April, 1889, and that no part of said five per cent reserve was required or used by the defendant for paying the cost of

repairs for which the same was reserved, but on the said 3d day of April became due and payable to the plaintiff; that the said plaintiff, so far as is known to said defendant, duly paid the laborers employed on said work under said contract, duly paid for the materials used therein, and that the city council did not withhold any part of the value of said work done under said contract for the purpose of satisfying said city that all of such claims for labor and material were paid; that a true copy of said final estimate of the city engineer is hereto attached marked 'Exhibit B,' and made a part hereof; that said final estimate was duly approved by the board of public works and city council of said city on the 3d day of October, 1889, and was placed on file in the office of the city comptroller of said city on the 4th day of October, 1888.

"Seventh—It is agreed that for the work done and material furnished by said plaintiff for said defendant under said contract, said defendant paid to such plaintiff prior to the bringing of this suit, to-wit, the 6th day of November, 1888, the sum of $19,091.63, and no more; that the balance due and unpaid to said plaintiff from said defendant on said contract at the time of the bringing of this suit was the sum of $7,551.50, and that the five per cent reserve held by the defendant under the terms of said contract, to-wit, the sum of $1,402.27, became due and payable to said plaintiff on the 3d day of April, 1889.

"Eighth—It is further agreed, in addition to the payment by said defendant to said plaintiff above set forth, said defendant paid to said plaintiff on the 19th day of April, 1889, and subsequent to the bringing of this suit, and upon said contract, the sum of $7,551.50, and that in like manner the said defendant paid to the plaintiff on the 7th day of May, 1889, the sum of $1,402.27, and that there is still due to the plaintiff on account of said contract and unpaid such a sum as interest or damages as the court upon the foregoing statement of facts shall find him entitled to.

"Four addenda.  Such payments as were made on said contract were made out of a fund created by a special levy known as levy No. 1231, of one dollar per front foot on property benefited by construction of said sewer, except that when said last named fund was exhausted, the ballance of said payments were made out of the South Omaha sewer fund; that said special levy No. 1231 raised $18,-895.50, and the balance of costs of said sewer in sewer district No. 67, to-wit, $9,551.50, was paid out of the South Omaha sewer fund, both of said funds being applicable to said purpose.  On the 5th day of May, 1888, there was $657 in the South Omaha sewer fund.

"Ninth—It is agreed between the parties hereto that if, at any time before the close of the trial, any material fact is found to have been omitted or misstated in this stipulation, such error or omission may be corrected upon production of the proper record evidencing said error or omission, and that oral testimony may be taken upon the question of demand for payment of money due on said contract."

The court below found the issues in favor of the defendant and dismissed the action.

From the stipulation of facts it appears that the work was accepted October 3, 1888, and that on the 19th of April, 1889, $7,551.50 was paid.  In May, 1889, the five per cent of the contract price held back by the city for six months also became due and was paid.  The only question presented is the liability of the city to pay interest upon demands arising upon contract which are due.

Sec. 2, chap. 44, Comp. Stats., provides: "Interest upon the loan or forbearance of money, goods, or things in action shall be at the rate of seven dollars per year upon one hundred dollars, unless a greater rate, not exceeding ten per cent per annum, be contracted for by the parties."

Sec. 3 provides: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each

one hundred dollars annually until the same shall be paid;
*Provided,* That if said judgment or decree shall be founded
upon any contract, either verbal or written, by the terms
of which a greater rate of interest, not exceeding the
amount allowed by law, than seven per centum shall have
been agreed upon, the rate of interest upon such judgment
or decree shall be the same as provided for by the terms of
the contract upon which the same was founded."

Sec. 4 provides: "On money due on any instrument in
writing, or on settlement of the account from the day the
balance shall be agreed upon, on money received to the
use of another and retained without the owner's consent,
express or implied, from the receipt thereof, and on money
loaned or due and withheld by unreasonable delay of pay-
ment, interest shall be allowed at the rate of seven per
cent per annum.   Unsettled accounts between parties shall
bear interest after six months from the date of the last
item thereof."

This law is general in its terms, and applies to cities as
well as natural persons.   Justice is best promoted by the
adoption of a uniform rule applicable to all, whether high
or low, rich or poor.   It is the duty of a city to provide
for raising the necessary means to defray the expenses of
constructing improvements.   Unless it is stipulated to the
contrary, the work is ordinarily to be paid for and accepted.
If the work is not to be paid for at that time, it is the result
of a contract to extend the time.   In the absence of any
contract that payment shall be delayed, the city will be
liable for interest like any other debtor.   Any other rule is
fraught with injustice, and if once established would ex-
clude men of scanty means from taking such contracts, as
the delay in payment and loss of the use of the money
might, and in many cases would, cause a serious loss which,
to one not possessed of ample means, could result in bank-
ruptcy.   In its business transactions a city should be re-
quired to conform to the ordinary rules, and all exemptions

Anglo-American Land, etc., Co. v. Brohman.

claimed which would work injustice should be denied. One rule for all is the most satisfactory and reasonable. It is evident that the plaintiff is entitled to interest on the sums named while the money was withheld by the city, and the judgment of the court below is reversed and judgment will be entered in this court for such interest, the amount thereof to be computed by the clerk.

JUDGMENT ACCORDINGLY.

THE other judges concur.