W. S. Askwith v. Allen Bros.

[Filed November 11, 1891.]

Attachment: Grounds. *Held,* That the fourth and fifth grounds for attachments are sustained by a preponderance of the evidence.

Error to the district court for Douglas county. Tried below before Doane, J.

*Brome, Andrews & Sheean,* for plaintiff in error.

*E. M. Bartlett,* and *Thomas D. Crane, contra,* cited: *Livermore v. Rhodes,* 27 How. Pr. [N. Y.], 506; *Young v. Cooper,* 12 Neb., 616; Drake, Attachment, sec. 75, and cases; *Rosenfield v. Howard,* 15 Barb. [N. Y.], 546; *Reed v. Noxon,* 48 Ill., 323; *Rosenthal v. Wehe,* 58 Wis., 621; 1 Wade, Attachment, sec. 98, and cases; *Stone v. Covell,* 29 Mich., 359.

Norval, J.

The defendants in error brought suit in the county court of Douglas county against the plaintiff in error to recover the sum of $453.81 upon a balance of account for goods sold and delivered. An affidavit for an attachment being filed, an order of attachment was issued, and Askwith's stock of goods was attached. The affidavit stated the following grounds for attachment:

" 1. That defendant is about to remove his property, or a part thereof, out of the jurisdiction of this court, with intent to defraud his creditors.

" 2. Is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

" 3. Has property or rights in action which he conceals.

" 4. Has assigned, removed, and disposed of his property, or a part thereof, with intent to defraud his creditors, and is about to remove, assign, and dispose of the remainder with a like intent.

" 5. Fraudulently contracted the debt on which this suit has been brought."

The defendant moved to dissolve the attachment for the following reasons :

" 1. Because the facts stated in the affidavit for the attachment are not sufficient to justify the issuing of the same.

" 2. Because the statements of facts in said affidavit are untrue."

The motion was heard upon numerous affidavits and depositions, and, from an order of the county court discharging the attachment, the plaintiffs prosecuted error to the district court. The decision of the county court was reversed, and the attachment sustained. The cause is before us on error.

No question is now made as to the sufficiency of the attachment affidavits, but it is urged that the plaintiffs had no legal cause for suing out the writ.

In 1888, Askwith was a retail dealer in groceries and general merchandise in the city of Omaha, and the defendants in error were wholesale grocers, doing business in Omaha, under the firm name of Allen Brothers. On the 2d day of September, 1888, Askwith was indebted to the defendants in error, on account of goods previously sold and delivered, about the sum of $250. Subsequently, but prior to the commencement of this suit in November, he purchased from Allen Brothers, on credit, goods amounting to over $700. During the same time he paid on his account something over $500, leaving a balance due the defendants in error, at the commencement of this action, of $453.81.

Evidence was adduced to show that in the fore part of

September, 1888, Askwith, for the purpose of obtaining further credit, represented to Edgar H. Allen, one of the defendants in error, that he owed no one except Allen Brothers, that he owned a valuable farm in Madison county, had a stock of goods worth $1,700 to $2,000, and good book accounts worth $1,200; that the defendants in error relied upon these representations in selling the goods that were purchased by Askwith after that time. At the time the statements were made, the plaintiff in error was indebted to several other dealers, and owned no land in Madison county, having deeded it months before to his brother-in-law, Isaac Piles.

It also appears that on November 22, when Askwith purchased of Allen Brothers the last bill of goods, amounting to $42.80, he gave in payment therefor his check on the Bank of Commerce, and on being asked by Edgar H. Allen if he had money in the bank to meet it, Askwith replied that he had. The check was subsequently presented to the Bank of Commerce, but payment was refused for the reason that Askwith did not have the necessary funds to meet the same. The bill of goods having never been paid for, the amount thereof is included in the account sued on.

There is also in the record testimony to the effect that Askwith stated to H. C. Atwell, after this suit was brought, that at the time the attachment was sued out he was making arrangements to give a bill of sale of his property to his mother, and would have done so but for the attachment, although he was not indebted to her; that Askwith, on being asked why he contemplated giving his mother a bill of sale, replied that it was because he had heard that Allen Brothers were intending to attach him, and he had to take some steps to protect himself, and prevent one creditor from getting more than his share; that by giving a bill of sale or mortgage he would be in a better position to treat with his creditors; that he once settled with his cred-

itors at sixty cents on the dollar and had intended to make such a settlement with Allen Brothers, or let them go without anything; that now he felt as though they deserved to get nothing, and he proposed that they should not get anything; that he had been through the mill before and made his creditors come to his terms, and he proposed to do the same with Allen Brothers.

Askwith, in his affidavits filed in support of his motion to dissolve the attachment, denies any charge of fraud made in the original affidavit of attachment, as well as each and every statement contained in the affidavits used to sustain the attachment.  We have examined with great care all the testimony used on the hearing of the motion to discharge, and are satisfied that the fourth and fifth grounds for attachment are sustained by a fair preponderance of the evidence.  The proof is convincing that the plaintiff in error not only fraudulently contracted the debt sued on, but was about to make a bill of sale of his property to his mother with the intent to defraud his creditors, and would have done so had the attachment been delayed.  The defendants in error were, therefore, justified in suing out a writ.

The case is clearly distinguishable from *Mayer v. Zingre*, 18 Neb., 458, cited in brief of counsel for plaintiff in error. There the petition contained two causes of action, one for a debt fraudulently contracted and the other was not so contracted.  An order of attachment, covering both causes of action, was issued upon an affidavit alleging that the defendant fraudulently contracted the debt sued on.  It was ruled that the attachment must be discharged for want of grounds covering the whole debt.

In the case at bar no such a question is presented.  Here there are at least two grounds of attachment covering the entire debt.  If the only cause for suing out the writ was the false representations made at the time the last bill of goods was purchased, as to his having the money in the bank to pay the check, then the precedent cited would

control our decision.    But the preponderance of the evidence shows that the whole indebtedness for which suit was brought was incurred on the strength of the misrepresentations made by Askwith as to his financial standing. True, he owed Allen Brothers at the time the representations were made something over $200, but this was liquidated by the payments subsequently made.    Counsel for plaintiff claim that the money paid after the date of this representation should be applied in payment of the goods bought after that time.    There is no claim that Askwith gave any direction that the money should be so applied. It appears in evidence that the goods were bought on thirty days' time, and the statement of the account shows that $183.10 was paid during the month of September, 1888, before any bill of goods fell due which was purchased after Askwith made a statement of his financial condition to the defendants in error.    There is nothing in the record that would justify us in holding that he was meeting his bills before maturity.    The plaintiff in error having given no directions as to how his payments should be applied, they should go to discharge the bill longest past due.    The judgment of the district court is

AFFIRMED.

THE other judges concur.