## CITY OF SHAWNEE v. FREAUFF.

No. 2291.   Opinion Filed November 26, 1912.

(128 Pac. 255.)

**INTEREST** — Computation — **Municipal Warrants.** A light and power company, which had a contract with a city to light its streets for a stipulated amount per month, assigned to a paving company the greater portion of the monthly payments to become due for a considerable period. A receiver was afterwards appointed for the light and power company. He brought an action against the paving company to enjoin it from collecting any more payments from the city, and joined the city clerk and city treasurer as defendants, and prayed for an injunction to restrain the clerk from issuing and the treasurer from paying warrants to the paving company. The clerk and treasurer answered denying the validity of the contract between the city and the light and power company. It was finally adjudged in that action that the contract between the city and the light and power company was valid, and the clerk was ordered to issue warrants, to the assignee of the receiver for the amounts coming due after the receiver was appointed, but the order did not specify the sum for which the warrants should be drawn. The warrants were not drawn, and the assignee of the receiver brought this action to recover the amount due. **Held**, that the assignee is entitled to interest on the amounts due from the time they were payable under the terms of the contract between the city and the light and power company.

(Syllabus by Rosser, C.)

*Error from Superior Court, Pottawatomie County;*
*Geo. C. Abernathy, Judge.*

Action by Charles Freauff against the City of Shawnee. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. E. Hood* and *W. M. Engart,* for plaintiff in error.

*Flynn & Chambers* and *Blakeney, Maxey & Miley,* for defendant in error.

Opinion by ROSSER, C.   This is an appeal from a judgment of the superior court of Pottawatomie county in favor of Charles Freauff against the city of Shawnee.   The judgment was for an amount due for lighting the streets of that city.

The Shawnee Light & Power Company entered into a contract with the city of Shawnee to furnish lights at a stipulated price per month.   Afterwards it assigned the greater portion of each monthly payment for a considerable period to the Oklahoma Paving & Construction Company.   This company was a partnership composed of Charles F., John A., and Frank A. Derr.   On the 10th day of November, 1904, J. C. Fisher was appointed receiver for the Light & Power Company.   He demanded pay from the city for light furnished and was refused.   He then brought a suit to which the Oklahoma Paving & Construction Company, C. J. Becker, as city clerk of the city of Shawnee, and C. C. Pottenger, as city treasurer of the city of Shawnee, were made defendants.   In the petition he alleged the existance of the contract between the Light & Power Company and the city; that the contract by which that company agreed to pay the Oklahoma Paving & Construction Company for paving was *ultra vires* and void; and that therefore the assignment to the Paving Company of the amounts to become due from the city to the Light & Power Company, was without consideration and void, and prayed for an injunction prohibiting the Paving Company from collecting the warrants in its hands and prohibiting the city clerk from delivering any more warrants, and prohibiting the treasurer from paying the warrants already issued.   The clerk and treasurer answered and alleged that the contract between the city and the Light & Power Company was void for the reason that the levy was not sufficient to pay the amount agreed upon, and prayed that it be declared void.   The Paving Company also answered, and there was extended litigation between the parties, in which it seems the clerk and treasurer took very little part, and in which the Derrs, constituting the Paving Company, were adjudged entitled to the warrants issued for the cost of lighting prior to

the time the receiver was appointed, and the plaintiff, Freauff, as the assignee of the receiver, was adjudged entitled to the amount due for lights after the receiver was appointed, and the clerk was ordered to issue warrants to him for the amounts, and the treasurer was ordered to pay the warrants. The clerk did not issue the warrants because there was no levy made to pay them. This suit was then brought and resulted as stated in the beginning of this opinion.

A considerable portion of the judgment is for interest, and the only question presented here is whether or not the city is liable for interest on the unpaid debt.

In most states the liability of the city for interest on its indebtedness is the same as that of a private individual. Dillon, Mun. Corp. (5th Ed.) sec. 867; *Shipley v. Hacheney,* 34 Ore. 303, 55 Pac. 971; *Langdon v. Castleton,* 30 Vt. 285; *Murphy v. Omaha,* 33 Neb. 402, 50 N. W. 265. See *Grand Rapids v. Blakely,* 40 Mich. 367, 29 Am. Rep. 539.

It is contended by the city that it could not have paid the money during the pendency of the injunction suit, and that there-fore it should not be charged with interest. This contention, if valid, would only be a defense as to the interest which accrued before that suit was finally disposed of; but its contention in this regard cannot be sustained as to any part of the interest, owing to its position in the litigation. In order for litigation to prevent the running of interest, the party against whom it is claimed must have been ready and willing to pay the money, and must have been prevented by the litigation from making the payment. Ordinarily, interest runs unless the money is paid into court. See *Smith v. Alexander,* 87 Ala. 387, 6 South. 51; *Kenton Ins. Co. v. First Nat. Bank,* 93 Ky. 129, 19 S. W. 185. In this case the city was neither ready nor willing. It had made no provision for the payment of the debt, and the answer filed by the clerk and treasurer contested the validity of the contract under which the debt accrued. The litigation between the receiver and the Construction Company was not the real cause of the city's failure to pay.

It is also contended that, as the order in the first suit only required the clerk to issue warrants, the debt could not bear interest back of that date, and that for the same reason the judgment in this case should not have been a money judgment, but should have ordered warrants issued. The order to issue warrants made in the first case did not specify the amount. They were ordered drawn for the amount due. The form of the order had nothing to do with whether or not the debt drew interest.

The contention that the judgment should not have been for money, but should have ordered warrants issued, is also without foundation. The court would not have had the right to order warrants drawn without first ascertaining the amount due, and that it was a legal liability. That is about what the judgment did. Judgment having been rendered, it is for the city to follow the method of payment prescribed by law.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.