[No. 2101.]

CHAPMAN v. THE BOARD OF COUNTY COMMISSIONERS OF
PHILLIPS COUNTY.

**Water Divisions—Salary of Superintendent—Liability of County
—Evidence.**

In an action against a county to recover its pro rata share
of the salary of the superintendent of irrigation of a water
division, where the county is not mentioned by name in the act
creating the water division or the one creating the water dis-
trict, and the evidence showed that no lands are irrigated in the
county, and that there are no natural streams of running water
sufficient to irrigate from in the county, that there is a dry
creek in the county bearing the name of one mentioned in the
statute creating the division, but that except for short periods
of floods or freshets, it does not contain enough water to irri-
gate from, the evidence was insufficient to establish any lia-
bility against the county.

*Appeal from the District Court of Phillips County.*

Mr. W. D. KELSEY, for appellant.

Mr. J. S. BENNETT, for appellee.

WILSON, P. J.

Plaintiff sued the defendant county to recover an
amount alleged to be due from it to him as its *pro
rata* share of his salary as superintendent of irriga-
tion for water division number one. Defendant an-
swered, denying that the county was embraced in the
said division. Trial was to the court, and judgment
was for the defendant. The only exception saved
was to the judgment, and the only question to be de-
termined is whether this was supported by the evi-
dence. The statutory provisions applicable to the
controversy are as follows: "That water district
No. 65 shall consist of all lands in the state of Colo-
rado irrigated by the water taken from the middle
and north forks of the Republican river, from Sandy
and Frenchman's creeks, and the tributaries of these

streams."—Mills' Ann. Stats., sec. 2377. It is conceded by both parties that if the defendant is liable at all it is by virtue of this section. The section creating water division number one reads as follows: "All water districts now or hereafter to be formed consisting of lands in the state of Colorado irrigated by water taken from the South Platte river, the North Platte river, the Big Laramie river, the north and middle forks of the Republican river, Sandy and Frenchman's creeks, and the streams draining into the said rivers and creeks, shall constitute water division No. 1."—Mills' Ann. Stats., sec. 2441. Other sections of the statute provide that the salary of the superintendent of irrigation shall be borne by the county in which the division might lie, and that in case it extends into two or more counties, then each of the counties into which it so extends, shall pay its *pro rata* share.—Mills' Ann. Stats., secs. 2387, 2457. It will be seen that neither in the section creating the water district nor the water division, is Phillips county mentioned by name. As to whether, then, it was embraced in either, was a question of fact to be determined upon the evidence. No testimony was offered on behalf of the defendant, and none was necessary. The plaintiff failed to prove his case. The evidence did not show the facts to establish that Phillips county was within the water division, and the great weight of it was to the contrary. Only one witness was put upon the stand by plaintiff to testify as to these necessary facts. The substance of his evidence was to the effect that there was no natural stream whatever in the county,—no stream of running water sufficient to irrigate land from. There was in the county a so-called Frenchman's creek, but it did not contain water in sufficient quantity for any irrigation purposes, except during the brief period of a flood or freshet, and that there was not and had not

been any irrigation from it. He described the stream as follows: "It is what we call a dry creek, or gravel creek. There seems to be water under the gravel, but it does not seem to be a running stream at all." The witness had attempted some years before and previous to the time when plaintiff's services began, to do a little irrigating from this so-called stream by placing a small dam in it to catch flood and freshet waters, excavating above the dam and having a pump to raise the water, if any was obtained, to a small ditch which he constructed to his land near by, but his efforts were not successful, and he had abandoned it, except that his ditch of course still remained, and in case of a flood it would convey some of the flood-water to his land.

In answer to another question, he testified that no waters from this so-called stream were used for irrigating purposes in the county. He testified also as to one other farmer who had been trying to irrigate for six or seven years, but had not succeeded, and had quit it.

Whatever the facts may be, the testimony in this case did not show that any lands in Phillips county were irrigated by water taken from any of the streams mentioned in the sections which we have quoted. Upon this presentation of the case, no other judgment than that rendered was possible.

The judgment will be affirmed.

*Affirmed.*