Wilson, P. J.
Plaintiff as- superintendent of irrigation of water division number two, presented to the defendant an itemized account as required by law of the per diem compensation allowed bim by statute and of expenses *163 incurred, and a bill for the one-twelfth part thereof which he claimed was due him from Fremont county. Instead of this amount, he was allowed only one-nineteenth of the bill, and he brought this suit to recover the balance. The reason for his contention that he should have been allowed one-twelfth of the entire bill is shown by the following excerpts from the complaint :
“2d. That the only counties in said water divisions having lands irrigated by ditches deriving their water supply from said streams appertaining to water division No. 2, and whose priorities have been established by judicial decree are and were during the period for which compensation is claimed as follows : Park, Lake, Chaffee, Custer, Las Animas, Huerfano, Pueblo, El Paso, Otero, Bent, Prowers and Fremont, but there were seven other counties, to wit: Elbert, Arapahoe, Baca, Kiowa, Cheyenne, Kit Carson and Lincoln lying in whole or in part within the' water sheds of the said streams which contain no ditch or ditches whose priorities have been estab-' lished by judicial decree deriving a water supply for irrigation purposes from any of said streams in division No. 2.
“3d. That said seven counties last mentioned contain no ditches whatever deriving a water supply for irrigation purposes from any of said streams in division No. 2.”
A demurrer was sustained to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Plaintiff appeals. The controversy turns mainly on the construction of the sections of' the statute creating the water division. They are as follows:
“That for the better regulation of the distribution of water for irrigation among the several ditches, canals and reservoirs into which such water *164 may be lawfully taken in times of scarcity thereof, the water districts now or to be hereafter established by law shall be constituted into water divisions as follows:” — Mills’ Ann. Stats., sec. 2440; Gen Stats., sec. 1802.
‘ ‘ * * * That all water districts now or hereafter to be formed, consisting of lands irrigated by water taken from the Arkansas river, the south fork of the Republican river, the Smoky Hill river and the Dry Cimarron river, and the streams draining into the said rivers, shall constitute water division number two and be named the Arkansas division.”— Mills’ Ann. Stats., sec. 2442; Laws 1889, p. 472, sec. 4.
It is the contention of defendant in error, and was the theory upon which the trial court sustained the demurrer to the complaint, that all the counties that lie within the course prescribed in the statute creating a division, or watersheds of the streams mentioned and their tributaries, are regarded as interested counties, and as being embraced within the water division, and hence liable for their share of the compensation of the irrigation superintendent, and this regardless of the fact as to whether or not there are lands within the boundaries of the counties irrigated from the streams mentioned in the statute creating it. In two very recent cases this court held that a county was not embraced within a water division unless it appeared that there were lands in such county irrigated from some of the streams mentioned in the statute creating the division; and that if there were no such lands, it could not be held liable for any portion of the compensation due to the superintendent of irrigation. It was not sufficient to impose such liability that the lands within a county should lie within the watershed of any one or more of the streams mentioned in the statute. . The language of the act creating the water divisions is plain and needs *165 no construction so far as that question is involved. — Chapman v. Board of Commissioners of Phillips County, 17 Colo. App. 236, 68 Pac. 134; Ballard v. Board of Commissioners of Phillips County, ante, 68. We see no reason to qualify or change the views or conclusions there expressed.
Plaintiff in error makes a plausible argument in support of the contention that only those counties are embraced within the water division and liable under the statute to defray a portion of the expenses and compensation of the superintendent, that have lands irrigated by ditches deriving their water supply from the streams mentioned in the act creating the division, whose priorities have been established by judicial decree. We cannot assent to this proposition. It is true that the statute in prescribing the duties of the superintendent says that he shall under the general supervision of the state engineer execute the laws of the state relative to the distribution of water, in accordance with the rights and priorities of appropriation as established by judicial decree. — Mills’ Ann. Stats., sec. 2448; Laws 1887, p. 296, sec. 2. But this is not all of his duty. The same section provides that he shall perform such other functions as may be assigned to him by the state engineer, and this officer is expressly invested with a general supervisory control over the public waters of the state, and is required either in person or by those under his authority to do many things in connection with the streams, ditches, reservoirs, etc. — Mills’ Ann. Stats., sec. 2459; Laws 1889, p. 372, sec. 2. Again, the same section — section 2448 — gives the superintendent general control over the water commissioners of the several districts within his division. The duties of these commissioners are manifold, and are nowhere restricted to ditches or canals whose priorities have been established by judicial decree. — Mills’ Ann. *166 Stats., secs. 2384, 2386; 3 Mills’ Ann. Stats., .sec. 2386a; Gen. Stats., sec. 1754; Laws 1889, p. 469, sec. 1.
According to the plain language of section 2442, if any county contains lands irrigated by water taken from any of the streams therein, it is embraced in the water division. If so included, it is necessarily interested because of that fact — some of the lands within its borders being irrigated by means of ditches taking water from the streams enumerated in the act establishing the division, and over which the superintendent, acting in person or through the water commissioners under him has a supervisory control, according to the express provision of the statutes which we have cited.
None of the views or the conclusion which we have expressed are at all in conflict with the case cited. — County Commissioners v. Locke, 2 Colo. App. 508. There an entirely different question was presented. None of those here involved were discussed or passed upon. There the question was as to whether Park county was liable for services rendered by the water commissioner outside of its limits, it being claimed by the county that the recovery must be limited to the sum which the proof showed was the value of what was done within its boundaries. Some liability was admitted, the only dispute being as to the amount. A liability being conceded under some conditions and to some extent, it must also have been conceded that Park county was within the water district or division, and that because there were lands within its boundaries irrigated through ditches taking water from the streams mentioned in the act creating it. If the county, was not within the water district it could not have been liable at all under any circumstances. The controversy seems to have turned solely upon the insertion of the words pro rata in the *167 act of 1889 amending the statute previously in force providing for the payment of compensation to water commissioners. The sole dispute was as to the basis upon which the compensation must be computed with reference to the liabilities of the counties embraced within the district, and did not in any sense involve the question as to' whether the county was or was not embraced in the district, which is the question here under the averments of the complaint.
Our conclusion is that all of the counties which contain lands that are irrigated by water taken from any one or more of the streams mentioned in the act creating the water division are embraced within the division, and are each liable for their respective shares of the compensation earned by the superintendent of irrigation for that division.
By the insertion of the third clause in the complaint a cause of action was stated. The judgment will be reversed and the cause remanded, with directions to overrule the demurrer. Reversed.