[No. 5204.]
[No. 2815 C. A.]

THE BOARD OF COUNTY COMMISSIONERS OF MONTE-
ZUMA COUNTY v. WHEELER.

1. **Practice in Civil Actions—Counties—Irrigation Officers—Action for Services—Complaint—Sufficiency—Pleading Matters of Defense.**

In an action against a county by a superintendent of irrigation to recover for services rendered, a complaint which alleges

plaintiff's official capacity, the counties embraced in the irriga-
tion division, the services rendered, the value thereof and the
expenses incident thereto, the pro rata share of the amount
due from defendant county, and the presentation of the claim
and its failure and refusal to pay the same, is sufficient without
alleging that the counties named were all the counties in such
irrigation division, since, if there were other counties included
therein, that is a matter of defense and should be pleaded as
such.—P. 211.

2.  Same—Evidence—Sufficiency.

In an action against a county by a superintendent of irri-
gation to recover for services rendered, the plaintiff testified
that there were three counties, including the defendant county,
in his irrigation division where water had been adjudicated and
where he did the work, and that he made no bill against the
counties in which there had been no adjudication of water rights.
Held, that, in the absence of any proof to the contrary, such
evidence is sufficient to support the findings of the trial court
that the defendant county was liable for its pro rata share of
the amount due for the services rendered.—P. 211.

3.  Same—Appellate Practice—Presumptions.

In an action against a county by a superintendent of irriga-
tion for its pro rata share of the amount due plaintiff for serv-
ices rendered in the irrigation division including such county,
there being no proof that water was used upon land in any of the
other counties in the irrigation division excepting those named,
it will not be assumed on appeal that the water was so used.
—P. 212.

4.  Offices and Officers—Superintendent of Irrigation—Title to
      Office—Collateral Proceeding.

Where a superintendent of irrigation was appointed by the
governor and filed his oath of office and bond, pursuant to the
statute, although no resolution of the county commissioners
requesting such appointment was made, he becomes an officer
de facto, and the question of whether he was rightfully appointed
cannot be determined in an action brought by him to recover
his salary.—P. 212.

5.  Counties—Claims Against Interest—Statutory Construction.

Although Mills' Ann. Stats., § 2252, provides that creditors
shall be allowed eight per cent. per annum interest on moneys
due on account from the date when the same becomes due, and
§ 2254 provides that county orders and warrants shall bear a like
rate from the date of presentation until there is money to pay
the same, a superintendent of irrigation is not entitled to re-

cover interest upon his claim for services against a county, since no interest can be recovered in this state except by express statutory provision.—P. 213.

*Appeal from the District Court of Montezuma County.*

*Hon. James L. Russell, Judge.*

Action by Henry C. Wheeler against the board of county commissioners of Montezuma county. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Mr. S. W. Carpenter, for appellant.

Mr. Reese McCloskey, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This appeal is from a judgment in an action brought by appellee Wheeler to recover from appellant $265.00 and interest at the rate of eight per cent. per annum from the first day of January, 1900, being an alleged *pro rata* portion of the fees and expenses claimed by appellant for his services as superintendent of irrigation in water division No. 4.

Defendant filed a general demurrer to the complaint, which was overruled. Defendant then filed its answer, containing a general denial and a separate defense. Plaintiff moved to strike the second defense, for the reason that the same did not state facts sufficient to constitute a defense to plaintiff's cause of action, the effect of this motion being that of a general demurrer. This motion was sustained. The case went to trial on the complaint and general denial. Judgment was rendered for plaintiff in the sum of $316.00 and costs. Defendant appeals.

The matters relied upon for the reversal of the judgment are, first, the insufficiency of the complaint and of the evidence, either to state a cause of action

or support the findings and judgment; second, the action of the court in sustaining plaintiff's motion to strike the second defense; and, third, the allowance of interest as part of the judgment for the claim sued upon.

First: The complaint alleges that the plaintiff was the duly appointed, qualified and acting superintendent of irrigation in and for water division No. 4, named and called the San Juan Division, said division embracing the counties of Archuleta, La Plata and Montezuma, in the state of Colorado. It is contended that the complaint should have alleged that certain counties, including the ones sought to be charged, contained lands that were irrigated by water taken from some one or more of the streams mentioned in the act creating the water division, and that the counties so named were all of such counties; and, because the complaint fails to allege that there are no other counties in water division No. 4 which contain lands that are irrigated by water taken from some one or more of the streams embraced in the division, it is defective. *Chew v. Board of Commissioners of Fremont County,* 18 Colo. App. 162, is cited as supporting this contention. It was held in that case, and rightfully, that:

"All of the counties which contain lands that are irrigated by water taken from any one or more of the streams mentioned in the act creating the water division are embraced within the division, and are each liable for their respective shares of the compensation of the superintendent of irrigation for that division."

It was not held in that case that it must necessarily appear from the complaint that there were no counties other than those sought to be charged containing lands irrigated by water taken from any one or more of the streams in the division.

The complaint alleges that the division embraced

the three counties; that the services were rendered and that the value of the services was $765.00 and the amount of the expense was $30.00; and, also, "that by reason of the above premises the said counties of Archuleta, La Plata, and Montezuma became and were indebted to this plaintiff in the sum of $765.00 for said 153 days so employed in the discharge of his said duty at $5.00 per day, and in the said sum of $30.00 so as aforesaid incurred as expense by this plaintiff in the discharge of his said duties, making a total of $795.00, and the defendant herein became and was indebted to this plaintiff in the sum of $265.00, same being the *pro rata* share for the said county of Montezuma in the said amount of $795.00." The complaint further alleges the presentation of the claim to the board of county commissioners and of its failure and refusal to pay the same.

These facts, if true, constitute a cause of action. If there were any counties embraced within the division other than those mentioned in the complaint, that is a matter of defense and should be pleaded as such.

It is contended that the evidence fails to show how many counties contained lands irrigated by water taken from some one or more of the streams mentioned in the act creating water divisions, and also that there was an entire lack of evidence as to whether or not defendant county contained any such lands.

Plaintiff testified that there were three counties, Archuleta, La Plata and Montezuma in the district jurisdiction, that is, three counties in the division where water had been adjudicated and where he did the work; that he made no bill against the counties in which there had been no adjudication of water rights. While this is not very clear or satisfactory, in the absence of any proof to the contrary it is suf-

ficient to support the findings of the court that Montezuma county was liable for its *pro rata* share of the account. The witness states that these three counties are the ones in which the right to the use of water had been adjudicated and of course there could be no adjudication of the right to the use of water in Montezuma county unless the water was used.

As to the contention of defendant that plaintiff should have charged a portion of the account to other counties in the division and was not excused because the right to the use of water in such other counties had not been adjudicated, it is sufficient to say that there was no proof that the water was used upon any land in any of the other counties in the division, and, in the absence of such proof, we cannot assume that it was.

Second: The second defense of defendant was to the effect that no board of county commissioners of any county whose territory or any part thereof is included in the water division, adopted a resolution requesting the appointment of the superintendent of irrigation. This, as hereinbefore stated, was upon motion stricken. The court did not err in this particular. The statute, Mills' Ann. Stats., § 2447, provides that the governor "shall not appoint a superintendent of irrigation in any district until the board of county commissioners of some one or more of the counties whose territory, or any part of whose territory, is included in such water district, shall have, at a meeting regularly called and held, adopted a resolution requesting such appointment to be made, and have had the same certified to the governor."

While it may be true, but this we do not decide, that the governor has not the power to appoint a superintendent of irrigation until such resolution shall have been adopted, yet, if, in the absence of such resolution, he makes the appointment, the title

to the office cannot be tried in a collateral proceeding. Having been appointed by the governor and having filed his oath of office and bond, pursuant to the statute, he becomes an officer *de facto,* and the question as to whether or not he was rightfully appointed cannot be determined in an action brought by him to recover his salary.

Third: The court rendered judgment for $316.00, being $262.00 original demand and $54.00 interest. In this we think the court erred. It is a well-settled rule that interest in this state can be recovered only where there is an express statutory provision therefor.—*D. S. P. & P. R. R. Co. v. Conway,* 8 Colo. 1; *O. & G. S. & R. Co. v. Tabor,* 13 Colo. 41; *Dexter v. Collins,* 21 Colo. 455.

There is no provision of the statute which directly authorizes the allowance of interest upon demands due from a county, previous to the issuance of warrants for their payment.

Section 2252, Mills' Ann. Stats., so far as it is applicable to this inquiry, provides:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, * * * on money due on account from the date when the same became due."

Section 2254 provides:

"County orders and warrants, town and city orders and warrants, and other like evidences or certificates of municipal indebtedness, shall bear interest at the rate of eight per centum per annum from the date of the presentation thereof for payment at the treasury where the same may be payable, until there is money in the treasury for the payment thereof."

Counties, unlike private or purely municipal cor-

porations, are not voluntary bodies corporate. They are involuntary, political or civil divisions of the state, created by general laws to aid in the administration of the government. They are purely auxiliaries of the state and to the general statutes of the state they owe their creation, and the statutes confer upon them all the powers they possess, prescribe the duties they owe, and impose the liabilities to which they are subject.—Dillon on Munc. Corp. (4th ed.), §§ 19 to 25 inclusive.

Consequently, it was said in *Seton v. Hoyt,* 34 Ore. 266, and *Shipley v. Hacheney,* 34 Ore. 305, that a county, being essentially an agency or instrumentality of the state for general governmental principles, is subject to like rules and restrictions governing its liabilities for the payment of interest as the state, and is not within the purview of the general law regulating the rate and payment of interest upon money due or to become due; which proposition is found to rest upon the principle that a sovereign state is not bound by the words of a statute unless expressly named.

In *U. S. v. N. Car.,* 136 U. S. 211, it is said:

"Interest, when not stipulated for by contract or authorized by statute, is allowed by the courts as damages for the detention of money or of property or of compensation, to which the plaintiff is entitled; and, as has been settled on grounds of public convenience, is not to be awarded against a sovereign government, unless its consent to pay interest has been manifested by an act of its legislature, or of a lawful contract of the executive officers."

This goes upon the ground that a sovereign is not bound by the words of a statute unless it is expressly named. The county is but the agent or instrumentality of the state, constituted and employed essentially for the promotion of its general govern-

ment, and therefore subject to like rules and restrictions governing its liabilities as the state itself.— 1 Dillon on Munc. Corp. 23; *Soper v. Henry County,* 26 Iowa 264.

Pursuant to this doctrine, it has been held in Illinois that it is not competent for the county to allow or to pay interest on common county orders issued for current county expenses.—*Hardin County v. McFarlan,* 82 Ill. 138; *Hall v. Jackson County,* 95 Ill. 353; *County of Coles v. Goehring,* 209 Ill. 142.

In principle, section 2279 of the Mississippi Code, so far as it bears upon this matter, is similar to our own general interest statute—the Mississippi statute being as follows:

"The legal rate of interest on all bonds, notes, accounts, judgments and contracts, shall be six per cent. per annum; but contracts may be made in writing, for the payment of a rate of interest as great as 10 per cent. per annum."

In the case of *Board of Supervisors of Warren County v. Klein,* 51 Miss. 807, that court said:

"Interest is the creature of statute and our statute does not embrace county warrants * * * Our statute, § 2279 Code, has reference to the contracts of individuals, and not of the state or county which are not supposed to be included in any statute imposing burdens, unless specially named or fairly embraced in the language used."

This doctrine was afterwards reaffirmed in the case of *Clay County v. Chickasaw County,* 64 Miss. 534.

The foregoing we believe to be the correct doctrine as to the allowance of interest upon claims against a county. We are strengthened in the belief that it was not the intention of the legislature to allow interest upon claims against counties by virtue of § 2252, Mills' Ann. Stats., because § 2254

provides that: "County orders and warrants and other like evidences or certificates of indebtedness shall bear interest at the rate of eight per cent." If it was intended that obligations of the county other than those mentiond in § 2254 should draw interest, as provided in § 2252, the enactment of the latter section would have been idle, because the earlier section provides for the allowance of interest "on any bond, bill, promissory note or other instrument of writing," which expressions are broad enough to include county orders and warrants and other like evidences of municipal indebtedness. The rule being that counties may not have liabilities imposed upon them in the absence of a statute, and the fact that the legislature provided that county orders, warrants and other like evidences of municipal indebtedness shall bear interest, it must have intended to exclude all obligations other than those mentioned. *Expressio unius est exclusio alterius.*

The court erred in the allowance of interest upon this demand and the judgment will therefore be reversed and the cause remanded.

Reversed and remanded.

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.