Bell, J.,
specially concurring:
I concur in the conclusion of my associates, that the judgment of the trial court shall be reversed, but prefer to base my concurrence on errors committed by the trial court in giving instruction number 2, which directs a verdict for the appellee not authorized by the law or the evidence. By this instruction the jury were directed' that they must find for the appellee in a sum of at least $5.00 per day for at least 293 days, and that they should add to the amount so found interest thereon at 8 per cent per annum from April 20th, 1903, to the time the case was submitted.
I do not think that the evidence was of that direct and conclusive character, which justified the court in taking from the jury the privilege of determining the minimum time that the appellee worked for the appellant, or the minimum value which he should receive for his services; and the direction of the court that the jury add interest to the sum found due was without authority of *481 law. Tlie verdict shows $753.12 in excess of the highest amount that the appellee claimed for his services, which excessive amount must be attributed to an allowance of unlawful interest.
It may be truly said that counsel interposed no objection to the giving of instruction two directing the jury to add interest at 8 per cent per annum from the time the work wás completed tó the time of the submission of the cause to the jury; nor did counsel object to this item ih his brief or argument. It may be admitted that, if this were a suit against a private individual, who might contract to pay interest on an open account, such an omission on the part of his counsel might bind him by acquiescence; but a city cannot in any manner legally pay interest upon such an account, and it is -difficult to see how counsel] by omitting to object, can commit his principal, the city, to the payment of this large unlawful item when the city, itself, could not, by the most solemn affirmative action, bind itself to such a payment. Here is a question of the lack of power oh the part of the city to pay such interest at all. The United States, towns, cities, counties, states and other similar corporations are not obliged to pay interest, and have no right to pay it, unless there are statutes which compel them to do so.— Perley, Law of Interest, 65; Montezuma Co. v. Wheeler, 39 Colo., 207-215, 89 Pac., 50.
It is also an elemental principle that sovereign is not bound by the words of a statute unless it is expressly named, and the cities and counties of a state, being but agents or instrumentalities thereof, are governed by the same rules as the state. — 1 Dillon, Municipal Corporations, 23; Soper v. Henry Co., 26 Iowa, 264; Montezuma CVo. v. Wheeler, supra, 214.
There is no statute compelling or permitting cities of this state to pay interest on any unsettled accounts or other ordinary indebtedness until the same are reduced *482 to .warrants or certificates of indebtedness and presented to the treasurer for payment, etc., as provided in sec. 3610, Mills’ Ann. Statutes, Revised (1912).
It is my opinion that the legislature did not intend, by the enactment of sec. 6579, Revised Statutes of 1908, that a municipality should advertise for and receive bids for such technical, professional Or incidental assistance as it may deem wise to employ in guarding the interest of the city against the neglect of contractors in the performance of their undertakings.