[No. 8531.]

## CURLEY V. TOWN OF MARBLE.

1. DAMAGES—*Proximate Cause.* Plaintiff was prosecuted under the town ordinance for the unlawful sale of intoxicating liquors, and fines aggregating $3,200.00 were imposed. She appealed from the judgments, giving bond with surety, and to indemnify the surety executed a deed of trust upon certain realty. For want of prosecution her appeal was dismissed, and the surety having paid a judgment against it, recovered by the town, caused sale to be made of the plaintiff's real property, under the deed of trust.

The ordinance under which the fines were imposed was void as ruled in *People v. Miller,* 53 Colo. 370, and plaintiff brought an action to recover from the town the amount of the fine, as paid under duress. *Held* that the proximate cause of the loss of which plaintiff was complaining was her failure to prosecute her appeal. Judgment of non-suit affirmed. (7, 8.)

2. CONTRACTS—*Validity.* An appeal bond given in an appeal from a judgment imposing a fine, under a void ordinance, is a valid obligation. (7.)

*Error to Gunnison District Court.* Hon. THOMAS J. BLACK, Judge.

*Department.*

Mr. E. M. NOURSE, Messrs. CRUMP & ALLEN, for plaintiff in error.

Messrs. SAPP & NASH, for defendant in error.

Opinion by TELLER, J.

Plaintiff in error brought suit to recover of the defendant in error the sum of $3200.00 which she claims to be due her under the following circumstances.

While the defendant town was anti-saloon territory under the Local Option Act, plaintiff was charged with violating town ordinances which prohibited the sale of intoxicating liquors, etc. On a trial before the police magistrate she

was found guilty and sentenced to pay fines aggregating $3200.00, or in default of such payment be committed to jail.

The plaintiff appealed the case to the County Court and filed therein an appeal bond in the penal sum of $3200.00 with the National Surety Company as surety thereon.

The appeal, not having been prosecuted, was in due time dismissed. Subsequently the town sued the Surety Company on the bond and obtained judgment for the sum of $3200.00, which judgment was affirmed in this court, (54 Colo. 365, 130 Pac. 843). This judgment was paid by the Surety Company.

The plaintiff, to indemnify the Surety Company against loss from its liability on the bond, executed to it a deed of trust on some realty, alleged to have been worth more than the penalty in the bond, and this deed of trust was foreclosed by the Surety Company. It is conceded that the ordinances under which the fines were imposed were void under the ruling in *People v. Miller*, 53 Colo. 370, 127 Pac. 228.

Under this state of facts the plaintiff claims a right to recover the $3200.00 in an action for money had and received, as money paid under duress. The District Court sustained her right to recover other sums which she paid direct to the city as fines assessed under the same ordinance, but held that she had no right of action for the money paid to the city as a penalty named in the bond given to insure her prosecution of the appeal.

The argument for the plaintiff in error takes no account of the distinction made by the trial court, but treats the $3200.00 as paid by the plaintiff in error to the city as fines assessed without authority.

Such is not the fact. She paid none of this sum to the city either as a fine or otherwise.

The Surety Company, having entered into an obligation to pay $3200.00 in case the principal in the bond did not comply with the conditions expressed therein, which included

the prosecution of the appeals, was compelled by a judgment in an action on the bond to pay said sum.

The validity of the payment thus made can not now be questioned; hence there is no ground for claiming that the defendant in error has money which belongs either to the plaintiff in error, or to the Surety Company.

The theory of the complaint seems to be that since the Surety Company paid to the town the amount of the fines, and the company, to make good to its treasury that payment, foreclosed the deed of trust and took the security, the plaintiff has a right to recover the $3200.00 from the town, because the fines were imposed without authority. Nowhere in the brief for plaintiff in error is it pointed out how the town became liable for her losses thus arising. The bond was a valid obligation notwithstanding the fines were imposed without authority; *Tanquary v. Bashor*, 42 Colo. 231, 94 Pac. 22; and, as heretofore stated, a judgment on it has been sustained by this court. Had the case been heard in the County Court, the result, we must assume, would have been in accordance with the law and in favor of the plaintiff in error. The loss for which she now seeks to recover was the result of her failure to prosecute the appeal, and the trial court was right in entering an order of non-suit as to the second cause of action set out in the complaint.

The judgment is affirmed.

*Judgment affirmed.*

GABBERT, C. J., and HILL, J., concurring.