No. 13,014.

ROBERTS v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CONEJOS.

(28 P. [2d] 813)

Decided January 2, 1934.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. LEONARD M. HAYNIE, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff Roberts owned a large number of tax sale certificates issued by the county treasurer of Conejos county, Colorado, which both parties to this action say were invalid, either because the lands in Conejos county on which the assessments were made had beeen assessed twice, or because no taxes were due thereon at the time of the sale. Roberts thereafter filed his claim against Conejos county whereby he asked repayment of the money which he had paid for the certificates, together with legal interest thereon, to which, as he says, he is entitled under sections 3778 and 7444, C. L. 1921.

 Section 7444 provides that when by mistake of the county officials, or from double assessment, land has been sold on which no tax is due at the time, the county shall hold the purchaser harmless by paying him the amount of the principal and interest at the rate of eight per cent per annum.

Section 3778, so far as applicable here, reads: "Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per cent per annum, for all moneys after they become due, on any bill, bond, promissory note or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereon be made; also on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the owner's consent, expressed or implied, from the receipt thereof."

Plaintiff's counsel in his brief argues that section 3778, supra, requires the payment of interest on a judgment even when the judgment is taken against a county, while the defendant says that the action does not apply at all

to judgments against counties. We think the contention of the defendant, which was upheld by the trial court, that the section does not apply to counties, is right and, in effect, has hitherto been so held by this court in *Board of Comr's of Montezuma County v. Wheeler*, 39 Colo. 207, 89 Pac. 50. Wheeler sued the county for salary which he claimed to be due him as division superintendent of irrigation and he asked to have included in the judgment which he sought against the county, interest on the amount of his recovery and relied upon that part of section 3778, supra, which reads: "Money due on account from the date when the same became due." In answer to this contention this court said, at page 214: "A county, being essentially an agency or instrumentality of the state for general governmental principles [purposes], is subject to like rules and restrictions governing its liabilities for the payment of interest as the state, and is not within the purview of the general law regulating the rate and payment of interest upon money due or to become due; which proposition is found to rest upon the principle that a sovereign state is not bound by the words of a statute unless expressly named."

In the case now before us the plaintiff apparently in part relies upon the provision of section 3778, supra, which provides for interest on judgments of any court from the date of entry until satisfaction thereof be made. He insists that in a later case in this court, *Golden v. Western Co.*, 60 Colo. 382, 154 Pac. 95, we repudiated the doctrine of the Montezuma county case, supra. The plaintiff misconstrues the opinion in the Golden case which was written by the late Mr. Justice Bailey. This same judge, in *Lindsley v. Denver*, 64 Colo. 444 (172 Pac. 707), at page 459, thus refers to the previous opinion in the Montezuma case as follows: "In *Montezuma County v. Wheeler*, 39 Colo. 207, it was held that a division superintendent of irrigation, having a claim against the county for salary, was not entitled to interest thereon. This was

upon the ground that a county, being an involuntary political division of the state, shares with the state an exemption from liability for the payment of interest, in the absence of an express provision for such payment. The plaintiff in this case sues for salary due him from a municipality and the case is clearly within the above named decision.''

In referring to the Golden case Mr. Justice Bailey distinguished it from the Montezuma case and the Lindsley case, by the statement at page 460 of the opinion, and said in the Golden case the contract for material for the waterworks of the city was entered into by the city in its private or business capacity, while the claim in the Lindsley case is against the municipality in its governmental capacity, and the court added: ''The Montezuma County case is conclusive upon the question of interest here raised, and we hold that no interest can be allowed on plaintiff's claim''; that is, in the case of Lindsley v. Denver then under consideration.

█ The discussion by counsel for both parties in this case has taken a wide range, far beyond what is essential to a proper disposition of the controversy. The agreed statement upon which the case was determined below reads: ''The sole and only question in controversy between the parties hereto is as to whether or not the plaintiff is entitled to interest upon the judgment obtained by him against the defendant, as hereinbefore set out, on, to-wit, the 9th day of October, A. D. 1926, and, if so entitled to said interest, how the same shall be computed?'' As already indicated, questions other than the sole one which the parties agreed was the only matter for determination, are not before us for decision.

The judgment of the district court was right and it is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.