No. 16,122.

DAVIS ET AL., DOING BUSINESS AS LEONARD-DAVIS COAL COMPANY *v.* CITY AND COUNTY OF DENVER.

(207 P. [2d] 1185)

Decided June 13, 1949.

Mr. E. V. HOLLAND, for plaintiffs in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

VIRGINIA DAVIS and Leonard Boskovitch, copartners doing business as Leonard-Davis Coal Company, brought an action against the City and County of Denver to recover judgment in the sum of $160 paid by them as coal dealers for 1946 and 1947 licenses. Upon trial to the court, judgment was entered in favor of plaintiffs for $80 and costs, and, being dissatisfied with the amount of the judgment, they bring the cause here for review by writ of error.

In the complaint it is alleged that plaintiffs were owners and operators of a coal business in Denver, Colorado, and that on September 27, 1946, under protest, they paid the sum of $110 for a 1946 license to so engage in business; that on January 10, 1947, they paid the sum of $110 for a 1947 license, under the provisions of Ordinance No. 74, Series of 1945.

Further it is alleged that on August 11, 1947, our court, in *Houston v. Kirschwing, Manager,* 117 Colo. 92, 184 P. (2d) 487, held the ordinance under which the licenses were issued to be void as to the pertinent provisions under which the license fees were demanded and paid. Further, that the City and County of Denver, under existing ordinances, was not authorized to exact an annual license fee for the years 1946 and 1947 in excess of the sum of $30. Demand for a refund of the sum of $160 was allegedly made, and, being refused, this action was commenced.

In the answer, for a first defense, defendant alleged that the complaint fails to state a claim against defendant upon which relief can be granted. For a second defense defendant averred, inter alia, that it is without knowledge or information upon which to form a belief as to the truth of the averments concerning the business in which plaintiffs are engaged, and as to the payment of the license fees. Further it is alleged that plaintiffs were not parties to the Houston-Kirschwing action, nor in anywise connected therewith, and obtained no rights, privileges or immunities thereunder; admitted the demand and refusal, and denied all other allegations in the complaint. For a third defense defendant alleged that the payments made by plaintiffs were voluntary. For a fourth defense it is alleged that the payments made by plaintiffs were without duress or the legal equivalent thereof. For a fifth defense defendant alleged that the payments by plaintiffs were made without protest.

At the trial it was stipulated that:

1. Plaintiffs were engaged in the coal business in Denver; 2. The defendant demanded and required the plaintiffs to pay the license fee as required under said Ordinance 74, and the license fees were paid; 3. The supreme court in *Houston v. Kirschwing, Manager, supra,* held said Ordinance No. 74 void as to certain provisions; 4. A refund was demanded and refused.

The undisputed testimony is that plaintiffs, not having paid the license fee required by said Ordinance 74 for the year 1946, were, on August 19, 1946, summoned to appear in police court on August 23, 1946, for failure to secure a license from the City and County of Denver, authorizing them to conduct their business for the calendar year 1946. Upon one of plaintiffs appearing before the police magistrate in obedience to the summons, her attorney stated that the Houston-Kirschwing action was pending before one of the judges of the district court and was yet undecided, and thereupon, according to the court's findings here, the action against plaintiffs was dismissed without prejudice.

By reference to the record in *Houston v. Kirschwing, Manager, supra,* we find that Ordinance 74 contains a provision whereby violation of its provisions, and particularly in this instance failure to secure a license, carries a penalty of not less than $25 nor more than $300 for each and every offense, and further provides that, "Each individual sale, delivery, offer for sale, or advertisement in violation hereof shall constitute a separate offense, and shall, upon conviction for any violation hereof, be fined as herein provided." September 19, 1946, the district court entered its judgment in the Houston-Kirschwing cause, holding said Ordinance 74 constitutional. On September 27, 1946, plaintiffs presented the City and County of Denver their check for $100, endorsing on the same, "For 1946 license—coal. Paid under protest," and also their check for $10 with no protest noted thereon, and the city then issued its license to plaintiffs, expiring on December 31, 1946. On January 10, 1947, as we have said, plaintiffs paid the City and County of Denver $110 for a license as coal dealers for the calendar year 1947, noting thereon "For 1947 Coal Lic."

Plaintiffs, in their specification of points, rely entirely upon the proposition that the court erred in hold-

ing that the payment of the 1947 license fee was a voluntary payment and as such not recoverable.

Defendant filed seven cross specification of points, which may be summarized by stating that it alleged that the court erred in holding that the 1946 license fee was recoverable.

■ ■ As a matter of convenience, we shall dispose of the summarized cross specification of points first. It must be remembered that the ordinance provided drastic penalties for its violation, and the city had evidenced its intention of enforcing its provisions by compelling plaintiffs to obtain a license. Plaintiffs were summoned into police court; they were aware of litigation that challenged the constitutionality of Ordinance 74 and urged this fact upon the police magistrate, resulting, as the trial court found, in the dismissal of the police court action without prejudice. Thereafter, when the district court held Ordinance 74 constitutional, then, and then only, did plaintiffs pay the license fee demanded by tendering a check for the amount thereof endorsed "Paid under protest." While there may be decisions to the contrary, we believe the better rule to be that when a payment is made under protest and is the only means of obtaining a license to do business, or to continue therein, and when to attempt to do business without first complying with the provisions of the ordinance would subject one to drastic penalties, clearly such a payment is involuntary. When, under the conditions such as are here present, an ordinance under which such license fee is exacted is found to be unconstitutional, the licensee may maintain an action against the municipality for the recovery of the amount thereof. It is not essential that plaintiffs await the imposition of a fine or otherwise suffer penalties for the violation of the provisions of the ordinance. Duress is present when the city demands payment of the license fee and manifests an intention to enforce collection by instituting an action in its police court. Plaintiffs here were justified in be-

lieving that the city would do that which it threatened to do, i. e., prosecute them in the police court and force them to pay either the license fees, or be fined, or discontinue business.

It is contended by defendant that in *Houston v. Kirschwing, Manager, supra,* the entire ordinance was not held unconstitutional, and that those parts held to be unconstitutional do not affect plaintiffs here. We are not disposed to analyze and definitely point out wherein said Ordinance 74 was held to be constitutional and wherein it was held to be unconstitutional. We do note, however, de hors the record, that defendant, shortly after our decision in *Houston v. Kirschwing, Manager, supra,* discontinued the enforcement of the provisions of said Ordinance 74, and thereafter enacted a new ordinance for the licensing of all coal dealers.

It is not necessary for us to determine whether the endorsement on the check here tendered in payment of the license fee for 1946 is sufficient to entitle the licensee to recover the same in an action against the defendant when the ordinance under which the license fee was paid is determined to be unconstitutional. Here, in addition to the protest endorsed upon the check, duress is clearly evident, and there can be no question that the endorsement, together with the duress, made the payment here questioned involuntary. *Walsh v. Denver,* 11 Colo. App. 523, 53 Pac. 458; *Leonard v. Reed, County Clerk,* 46 Colo. 307, 104 Pac. 410; *Curley v. Town of Marble,* 61 Colo. 6, 155 Pac. 334; 33 Am. Jur., p. 396, §88; 40 Am. Jur. p. 838, §179; 53 C.J.S., p. 702, §57; Annotations, 64 A.L.R., p. 10; Annotations, 84 A.L.R., p. 294.

The court did not err in entering its judgment against defendant for the 1946 license fee paid. The payment was involuntary, and plaintiffs were entitled, under the law, to recover such involuntary payment.

Plaintiffs' specification presents a more serious question, and one upon which the record here is not helpful.

It will be remembered that the payment of the 1947 license fee was not made under protest, nor is there any evidence whatever that it was made by plaintiffs under an apprehension that unless it was paid they would again be summoned into police court and fined. There is no evidence in the record, direct or circumstantial, to justify us in finding that payment of the 1947 license fee was made under duress, nor, as we have said, was the payment made under protest. The burden was upon plaintiffs to establish that the payment of the 1947 license fee was involuntary, and for aught that appears in the record the payment of this license fee indicates that plaintiffs had acquiesced in the trial court's determination that said Ordinance 74 was valid and enforcible.

Under the record presented here, no error was committed by the trial court in entering, as it did, judgment for plaintiffs for the 1946 license fee, and in its denial of plaintiffs' right to recover the 1947 license fee.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE MOORE concur in part and dissent in part.

MR. JUSTICE STONE and MR. JUSTICE HOLLAND do not participate.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE MOORE dissenting.

In *Houston v. Kirschwing,* 117 Colo. 92, 184 P. (2d) 487, we pronounced the provisions of the ordinance under which plaintiffs in error were required to pay the license fees involved, to be "arbitrary, oppressive and discriminatory." Prior to our said determination, however, and on the theory of the validity of the ordinance, plaintiffs in error were "summoned to appear in police

court," as stated in the court opinion, "for failure to secure a license from the City and County of Denver, authorizing them to conduct their business for the calendar year 1946." For any such failure a severe penalty was visitable, as the court opinion emphasizes, "When the city demands payment of the license fee and manifests an intention to enforce collection by instituting an action in the police court," as the opinion of the court recites, "duress is present," as the court thoughtfully adds. "It is not essential," says the court, that the parties "await the imposition of a fine or otherwise suffer penalties for the violation of the provisions of the ordinance," nor did they do so. On the contrary, and proceeding at once, but "under protest," they paid the exacted charge of $110.00 for the year 1946, and the action in police court was dismissed "without prejudice." When time to pay a like exaction for the year 1947 had arrived, and our pronouncement on the validity of the ordinance was yet to be made, plaintiffs in error paid again. But since in the latter instance the check covering did not carry the words "under protest," as had the check for the first payment under the invalid ordinance, the trial court ordered the city to refund the first payment and refused like disposition in relation to the second one.

The history of the controversy reveals that from the time of the passage of the ordinance we have declared to be void, there was active protest against it by many small coal dealers, including those here, and, although plaintiffs in error were not parties therein, a suit in challenge of its validity was immediately instituted in the district court. The city was a party thereto, and its officials were aware thereof and had active part in the litigation from its inception. How better, we venture to inquire, could those in interest have made protest against the inequitable and unjust ordinance? We think of none. Why the city authorities should wish to retain license

fees collected on an invalid ordinance, particularly in the circumstances here, is not understandable.

We regard the disposition made below on the second payment as highly technical, manifestly unfair, and respectfully decline to have part in its affirmance.