No. 18,767.

LAVINIA FRANCES STONE, AS ADMINISTRATRIX, ETC. *v.* THOMAS G. CURRIGAN, AUDITOR OF THE CITY AND COUNTY OF DENVER, ET AL.

(334 P. [2d] 740)

Decided January 26, 1959.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for plaintiff in error.

Mr. JOHN C. BANKS, City Attorney, Mr. HORACE N. HAWKINS, JR., Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as they appeared below and we refer to them by name, or as plaintiff and defendants.

Pursuant to the remand in *Currigan v. Stone,* 136 Colo. 326, 317 P. (2d) 1044, the trial court, on January 13, 1958, entered judgment *nunc pro tunc as of February 16, 1956,* in favor of Stone and against the City and County of Denver, and the Police Pension and Relief Board of said City and County, for the amount of $8329.06 and costs of $26.00.

Two days after the entry of this judgment, the judgment debtors paid to *plaintiff* the amount thereof with costs, but without interest. Whereupon the defendants demanded that the plaintiff acknowledge satisfaction of

said judgment; this the plaintiff refused to do, claiming that she was entitled to interest on the judgment from February 16, 1956, as provided by C.R.S. '53, 73-1-2.

On February 19, 1958, the city filed its "MOTION FOR ORDER FOR ENTRY OF SATISFACTION OF JUDGMENT," wherein the foregoing facts are fully set forth.

On May 5, 1958, the trial court entered its order sustaining said motion and directing the clerk of the court to enter satisfaction of said judgment. The trial judge stated in the order that he felt bound to so hold by the decision in *Roberts v. Commissioners,* 94 Colo. 149, 28 P. (2d) 813.

Plaintiff is here by writ of error seeking reversal.

Two questions are presented.

1. Does a judgment against the City and County of Denver and The Police Pension and Relief Fund thereof bear interest from the date of its entry?

2. If such a judgment does bear interest and the judgment is entered on January 13, 1958, *nunc pro tunc* as of February 16, 1956, does it bear interest from January 13, 1958, or from February 16, 1956?

In seeking to answer the first question, it seems advisable to briefly touch on the nature of interest and its historical background.

"The exaction or taking of interest or compensation for the use of money was regarded as usurious, whether moderate or excessive, both in Biblical times, and by the early common law prior to the reign of Henry VIII. It seems to have been held by the church that the taking of interest was actually sinful as against the laws of God and morality, and by the courts, that it was unlawful, on the theory of the classical and medieval economists from the time of Aristotle that money was only a medium of exchange and naturally barren and unproductive. * * *.

"By the 16th century the gap between religious theory and commercial practice had been further narrowed, and the new Protestant ethics regarded only excessive exactions as usury. * * *.

"In the United States, the courts have always viewed the allowance of interest with greater favor than have the courts in England. The English common law has never been suited to the conditions existing in this country, and the American courts have never doubted the right to interest where it has been expressly contracted for, or where an undertaking to pay interest may be implied from the usages of trade. * * *." — 30 Am. Jur. 7 and 8, §3.

"According to the generally accepted definition, interest is the compensation allowed by law, or fixed by the parties, for the use, detention, or forbearance of money or its equivalent. * * *." — 30 Am. Jur. 6, §2.

Thus interest having become recognized as lawful and just compensation for the use of money rightfully belonging to another, the first session of the legislature of the Territory of Colorado adopted an interest statute, which with only slight changes now appears as C.R.S. '53, 73-1-2:

*"Creditors shall be allowed to receive interest,* when there is no agreement as to the rate thereof, at the rate of six per cent per annum, for all moneys after they become due, on any bill, bond, promissory note, or other instrument of writing, or *on any judgment recovered* before any court or magistrate authorized to enter the same within this state, from the day of entering said judgment until satisfaction thereof be made; also on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the owners' consent, expressed or implied, from the receipt thereof; and on money taken or retained and fraudulently converted to the taker's use from the time of taking." (Emphasis supplied.)

■ Answering the first question, we hold that this judgment does bear interest at the legal rate from the time entered until satisfied by payment. To hold other-

wise would be to ignore the plain legislative pronouncement contained in C.R.S. '53, 73-1-2.

The plaintiff on the entry of judgment became a *creditor* as contemplated by the statute; she became a judgment creditor and clearly comes within the statutory purview of those entitled to recover interest.

While the statute does not say who shall pay interest, it necessarily follows that if a creditor is entitled to receive interest, his debtor must be charged with the payment thereof. If a judgment creditor is entitled to recover interest then the judgment debtor must be the one to pay it, since the statute does not expressly or by implication exclude or except any judgment creditor or judgment debtor.

With reference to judgment creditors the statute is clear and concise, and to interpret or construe it to mean anything less or more than it plainly states would be to indulge in judicial legislation, to which we do not consciously subscribe.

Unfortunately, former pronouncements of this court and of our court of appeals are not endowed with the same degree of clarity and conciseness as is the statute, and not all can be reconciled one with the other.

Briefly reviewing these pronouncements, we find in *Lake County v. Linn,* 29 Colo. 446, 68 Pac. 839, that in a suit to collect on unpaid interest coupons attached to county bonds interest was allowed *against the county* on the interest coupons from the date of their maturity. In awarding interest, this court said:

" * * * we think the court below was justified under section 2252 Mills Ann. Stat. in awarding interest. * * *."

This was followed by *Montezuma County v. Wheeler,* 39 Colo. 207, 89 Pac. 50, wherein the trial court awarded to the plaintiff judgment *against the county* in the amount of $262.00 allegedly due plaintiff as fees and expenses for his services as superintendent of irrigation in Water Division No. 4 and, in addition, $54.00 interest. On review this court held the allowance of interest was im-

proper and that Section 2252 Mills Ann. Stat. (the then interest statute) did not provide for interest on claims *against counties.*

In *Golden v. Western Co.,* 60 Colo. 382, 154 Pac. 95, it was held that a sub-contractor entitled to have his claim for materials furnished to a contractor and used in the construction of a water works system for the city paid *by the city* was entitled to interest thereon from the time of presentation of the claim and demand for payment.

In *Lindsley v. Denver,* 64 Colo. 444, 172 Pac. 707, plaintiff, who was city attorney, had judgment for his salary but was denied interest thereon, this court holding that *Montezuma County v. Wheeler,* supra, was conclusive upon the question of interest.

In *Highway Dept. v. Dawson,* 126 Colo. 490, 253 P. (2d) 593, this court affirmed a judgment against the *State Highway Department* for the contract price of gravel taken plus interest thereon. In so deciding, previous pronouncements do not appear to have posed any serious problems, for they are not mentioned in the opinion.

In *Peterson v. McNichols,* 128 Colo. 137, 260 P. (2d) 938, we reversed the judgment of the trial court denying recovery of license fees illegally exacted, collected and retained by the City and County of Denver, and directed the trial court "* * * to enter judgment [against the City] for the amount stated in the complaint, together with interests and costs."

The city relies upon *Roberts v. Commissioners,* 94 Colo. 149, 28 P. (2d) 813, as holding that the statute quoted does not apply to judgments against a *county,* and by the same reasoning therefore does not apply to judgments against a *city and county.* In this case, the question as to whether interest can be collected on a judgment against a county was squarely presented to the trial court and to this court, and both held that no such collection could be made. The decision is predicated on the holding in *Montezuma County v. Wheeler,* supra,

wherein it was held that a judgment against the county for fees and expenses claimed by Wheeler as water commissioner and which judgment included interest on the amount found due from the due date to the date of the judgment was erroneous insofar as the interest was concerned.

The decision in the *Montezuma* case is predicated on the doctrine that a *county* is merely an arm of the state; that the state is sovereign and as such is, unless expressly named therein, immune from sanctions imposed by statutes. The doctrine of sovereignty in Colorado is in limbo, only the memory lingers on. Sequiturs that emanated from the doctrine such as "immunity from suit," "immunity from paying interest," "immunity from the statute of limitations," etc., have with the demise of the doctrine become non-sequiturs. *Boxberger v. Highway Dept.,* 126 Colo. 438, 250 P. (2d) 1007; *Highway Dept. v. Dawson,* 126 Colo. 490, 253 P. (2d) 593; *Ace Flying v. Colorado,* 136 Colo. 19, 314 P. (2d) 278, and *Colorado Racing Comm. v. Brush Racing Association,* 136 Colo. 279, 316 P. (2d) 582.

In the case now before us the trial court awarded interest on the amount found to be due. On review we held this award of interest was erroneous because exercise and control of the police pension and relief fund was a governmental function, and in such cases interest is not recoverable, citing as authority therefor *Lindsley v. Denver,* supra, and *Montezuma County v. Wheeler,* supra. In retrospect, the proper ground for denial of interest would have been the fact that the claim asserted was not one included in or contemplated by the interest statute.

As to the second question, we hold that the judgment was entered (and is a judgment of that date, as contemplated by the statute, C.R.S. '53, 73-1-2) on February 16, 1956. In ordering the judgment entered nunc pro tunc, this court had only one purpose in mind, and that was that plaintiff's claim having been reduced to a judgment

on February 16, 1956, she should have interest on the amount to be found due as of that date.

■ The general rule as to the entry of a judgment nunc pro tunc is stated in 49 C.J.S. 255, §121:

"Except as to the rights of third persons, a judgment nunc pro tunc is retrospective, and has the same force and effect, to all intents and purposes, as though it had been entered at the time when the judgment was originally rendered. * * *."

See also, *Dickson v. Horn,* 89 Colo. 234, 1 P. (2d) 96.

■ We now hold that a judgment creditor who has a claim which falls within the clearly expressed wording of the statute is entitled to interest on such claim from the date and at the rate specified in the statute.

By way of carefully considered dictum, let it be known that any *creditor* who can bring himself within the terms of the quoted statute is entitled to interest from his *debtor.*

Previous pronouncements of this court in conflict with the views herein expressed are overruled. Nothing herein stated or determined shall be considered as an expression of an opinion as to the rights or duties granted, imposed, stated or defined by any statute other than the statute (C.R.S. '53, 73-1-2) quoted herein.

The plaintiff is entitled to interest on the amount of the judgment from February 16, 1956, until paid. The judgment is reversed with directions to the trial court to enter an order vacating and setting aside the satisfaction of the judgment.

Mr. Justice Day not participating.